IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LEONEL LOPEZ AVALOS, JR. and<br>MARIA SANTOS LOVE-AVALOS,<br><br>    Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§       Civil Action No. 4:13-cv-799-O<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. No objections were filed. The District Court reviewed the proposed findings, conclusions and recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

Plaintiffs Leonel Lopez Avalos, Jr. and Maria Santos Love-Avalos ("Plaintiffs") assert a claim for wrongful foreclosure against Defendant Wells Fargo Bank, N.A. ("Defendant"). *See* Notice Removal Ex. 5 (Pls.' Original Pet.), App. at 1, ECF No. 1-5. The elements of a wrongful foreclosure claim are "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011) (Fitzwater, C.J.) (citations omitted) (internal quotation marks omitted). Plaintiffs contend they never received a notice of default, and also argue the notice of default "is not properly recorded on the records building."

The Texas Property Code provides that a mortgage servicer of a debt must serve "a debtor in default . . . with written notice by certified mail stating that the debtor is in default . . . and giving the debtor at least 20 days to cure the default before notice of sale can be given . . . ." Tex. Prop. Code § 51.002(d). Even if Defendant failed to provide the required notice of default, Plaintiffs have failed to allege or plead the other elements of a wrongful foreclosure claim. *See Biggers*, 767 F. Supp. 2d at 729 ("A claim for wrongful foreclosure is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect."); *Green v. Bank of Am., N.A.*, No. 4:13cv92, 2013 WL 1949953, at *2 (E.D. Tex. Apr. 24, 2013) ("Allegations only of a defect in the foreclosure proceedings are insufficient; rather, it is also necessary that an inadequate selling price resulted from the defect.") (citation omitted); *see also Mitchem v. Mortg. Elec. Registration Servs., Inc.*, No. 3:12-cv-1762-M, 2013 WL 3870038, at *10 (N.D. Tex. July 26, 2013) (Lynn, J.) (dismissing wrongful foreclosure claim where plaintiffs alleged defendants failed to provide notice of default but failed to allege facts regarding other two elements); *Hill v. Wells Fargo Bank, N.A.*, No. V-12-11, 2012 WL 2065377, at *8 (S.D. Tex. June 6, 2012) (dismissing wrongful foreclosure claim for failure to allege property was sold at an inadequate price).

Based on the foregoing, Defendant Wells Fargo Bank N.A.'s Motion to Dismiss (ECF No. 8) is hereby **GRANTED** and Plaintiffs' claims against Defendant are hereby **DISMISSED with prejudice**.[1]

---

[1] The Fifth Circuit has instructed district courts to permit plaintiffs an opportunity to amend their pleadings to cure any deficiencies upon request. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). In this case, Plaintiff has not sought leave to amend. Therefore, this case is dismissed with prejudice.

**SO ORDERED** on this **16th day** of **April, 2014.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**